Turney, J.,
delivered the opinion of the court.
This was a motion for revenue against Anderson as tax collector of Putnam County for the year 1866. He was elected' in March, 1866, and his election Was contested by Amos Maxwell, who was in office and collected taxes until sometime in 1867. ' Defendants *14 offered to prove that Maxwell collected all the revenue for 1866 but $148, and handed over the tax books with only that sum due upon them. That Maxwell had failed to pay over $340 of school fund. This evidence was objected to and excluded on the authority of Allison v. The State ante, p. 1, and the judgment was for $422 97, the amount shown- to be due in the Comptroller’s statement, with interest, damages, and costs, $121 55. Defendants appealed.
The provision of the Code, 732, that “ The Comptroller’s statement of the amount due the State from any delinquent shall be prima faeie evidence of such amount,” means only, that on suit or motion against any collector of revenue, such statement, unrebutted by proof on the part of the alleged delinquent, shall be sufficient to authorize a judgment against him for the amount, and not that it shall be absolutely conclusive.
Prima faeie evidence is that evidence which is sufficient to establish a fact unless, rebutted. JBy the use of the term the Legislature meant to say that when such evidence as the statement of the Comptroller is produced, it shall be sufficient to establish the liability to the amount stated, unless rebutted, which the defendant may do by competent proof. Sec. 733 is in pari materia, and must be construed with reference to s. 732, and take its meaning from it, so far as the latter provides for the rendition of a judgment on the Comptroller’s statement.
If we hold the law to be otherwise, we declare the Legislature to have constituted the Comptroller a *15 court of very extraordinary powers, depriving those of whom he takes jurisdiction of remedy by due course of law and right and justice without denial.
Under such construction the Comptroller becomes dictator to the courts, inferior and superior.
If these things had been intended, the Legislature would certainly have empowered the Comptroller to render the judgment and enforce its collection, and not have stopped him with the power to declare irrevocably its amount, and leave it to another tribunal to render the judgment.
The provision of s. 742, that “ when a judgment has been obtained against a delinquent officer, all dona fide claims due him, properly authenticated, shall be allowed by the Comptroller upon settlement of the judgment,” have reference to such claims .as have arisen since the rendition of the judgment, and not to claims that existed before; as to the latter, the judgment is conclusive.
The Legislature never intended to make the Comptroller a revising court of original jurisdiction.
Reverse the judgment.
Note. — The opinion being announced on the last day of the term, in the absence of Nicholson, O. J., who was confined with a fractured limb, and of McFarland, J., who had gone home, the Attorney General moved the court to suspend the judgment, to give time for a petition to rehear, and urged the fact that no argument had been heard on behalf of the State, nor had the case of Allison even been handed to the court. Also that that case had been followed at Knoxville, and that case was not before the court; but a majority of the court refused the motion.